20746

The STATE, Respondent, v. Wayne LaRUE, Appellant.

(246 S. E. (2d) 890)

*H. Patterson McWhirter*, Lexington, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sarah G. Young*, Columbia, and *Sol. Donald V. Myers*, Lexington, *for respondent.*

August 16, 1978.

LEWIS, Chief Justice:

Appellant was convicted of armed robbery and sentenced to serve twenty-three (23) years. He has appealed and seeks a new trial because of alleged trial errors in the admission of testimony by the victim of (1) her pretrial photographic and (2) in-court identifications of appellant. We reverse.

On April 7, 1976, at approximately 2:15 p. m., a Family Dollar Store in West Columbia, South Carolina, was robbed at knife point by two men.

Approximately three months later appellant's wife wrote a letter to the police informing them that appellant and a friend of his committed the robbery and enclosed a photograph of each. The officers presented these pictures to the cashier on duty at the time of the robbery, telling her "that one of them's wife had sent him a letter and said that they were the ones that did it, and he wanted to know were they the guys that robbed me that day . . .." The cashier testified that she then identified the picture of appellant and his friend as the individuals who committed the robbery. No other pictures were submitted for identification other than the two sent to the officers by appellant's wife.

At the trial, testimony was admitted of the pretrial photographic identification by the cashier. Upon the basis of the showing of the photographs of only appellant and his friend to the witness, together with the simultaneous statements of the officer concerning the source of the pictures, the State properly concedes that "this identification procedure was impermissibly suggestive and there were no special circumstances justifying its use." *Kimbrough v. Cox*, 444 F. (2d) 8 (4th cir.) See: *State v. Denson*, 269 S. C. 407, 237 S. E. (2d) 761, setting forth controlling standards for pretrial identifications.

In addition to the pretrial identification testimony, the cashier was permitted to make an in-court identification of appellant. The cashier had, however, been present, prior to the start of the State's case, when the identity and location of both appellant and his alleged accomplice were pointed out by one of the officers to the manager of the Family Dollar Store. This in-court aid to the identification of appellant, even though inadvertent, was potentially prejudicial.

It is well settled that the burden is upon the State to show by clear and convincing evidence that the in-court identification of appellant was not tainted by suggestive police action. *State v. Rogers*, 263 S. C. 373, 210 S. E. (2d) 604.

We think the State has failed to carry this burden of proof, in view of the strong probability of prejudice to the in-court identification from the act of the officer in pointing out, shortly before trial, the identity of appellant and his alleged accomplice in the presence of the only identification witness.

Judgment is accordingly reversed and the case remanded for a new trial.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., disqualified.