697 S.E.2d 615

**The STATE, Respondent,**

**v.**

**Luther GARNER, Appellant.**

**No. 4680.**

Court of Appeals of South Carolina.

Heard Dec. 10, 2009.

Decided April 28, 2010.

Rehearing Denied Aug. 27, 2010.

Appellate Defender M. Celia Robinson, of Columbia; and Stuart Mark Axelrod, of Myrtle Beach, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Melody J. Brown, all of Columbia; Solicitor John Gregory Hembree, of Conway, for Respondent.

THOMAS, J.

In this criminal matter, Luther Garner (Appellant) was convicted of murder, first-degree burglary, and attempted armed robbery, stemming from an incident at the home of

Amadro Flores Espinozat (Victim). The State's key eyewitness was Lonya Sowdon. Appellant now appeals three evidentiary rulings of the trial court as to various parts of Sowdon's testimony. We affirm.

## FACTS

On December 11, 2005, authorities found Victim deceased in his home. Investigators determined Victim was severely beaten in the living room and subsequently dragged down the hallway, where he was left to die. The scene yielded one bloody shoe print, a bloody handprint, and a single bullet hole and casing from a .22 caliber bullet.

The same day, detective Oz Santiago interviewed Victim's housemates, Jonas and Rene Trujillo (collectively the Trujillos). Among other standard information, the housemates told him Victim was alive when they left for work on the morning of December 11. At trial, Appellant attempted to introduce Santiago's testimony that the housemates stated Victim was alive the morning of December 11. However, the State objected and the trial court ruled because the Trujillos were not available for cross-examination, the testimony was inadmissible hearsay.

At trial, the State offered the testimony of Sowdon to establish that on or around December 10 or 11, 2005, Appellant, Sowdon, and Lee Pierce went to Victim's home. Sowdon testified she went in the home shortly after Appellant and Pierce and found Appellant had already beaten Victim quite badly. She testified that Appellant was "hollering at [Victim] wanting ... money and cocaine ... but [Victim] could not understand English." Appellant allegedly dragged Victim down the hallway, while continuing to beat him with the butt of a pistol. Meanwhile, Pierce was in the back of the house looking for money and cocaine. Unable to find money or drugs, Sowdon testified the trio left and proceeded to Summer Wind Drive to dispose of one of the pistols and then traveled to the home of Paul Graham so Appellant could change his bloody clothes.

Sowdon testified that she remained high on crack cocaine for the remainder of the day of the murder and possibly up to two days following. When she "came down" on the afternoon

of December 12, 2005, she realized the magnitude of what had occurred and called 911. The trial court admitted the recording of this call based on Sowdon's identification of her own voice. Appellant objected to the introduction of the tape through Sowdon rather than the 911 representative.

A jury found Appellant guilty of murder, first-degree burglary, and attempted armed robbery. The trial court sentenced him to forty years' imprisonment. This appeal followed.

## ISSUES ON APPEAL

I. Did the trial court err in preventing Santiago from testifying as to the Trujillos' statement of seeing Victim alive on the morning of December 11, 2005?

2. Did the trial court err in admitting the recording of Sowdon's 911 call?

3. Did the trial court err in allowing certain portions of Sowdon's testimony when Appellant alleged it was inadmissible hearsay?

## STANDARD OF REVIEW

In criminal cases an appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Evidentiary rulings are within the sound discretion of the trial court, and such rulings will not be reversed absent an abuse of discretion or the commission of legal error that prejudices the defendant. *State v. Rice,* 375 S.C. 302, 314, 652 S.E.2d 409, 415 (Ct.App.2007). The trial court abuses its discretion when the ruling is based on an error of law or factual conclusion that is without evidentiary support. *Id.* at 315, 652 S.E.2d at 415.

## LAW/ANALYSIS

### I. Suppression of the Trujillos' Statement

Appellant contends the Trujillos' statement to Santiago that Victim was alive the morning of December 11, 2005, is "relevant and admissible, non-testimonial, non-hearsay." We disagree.

66

■ In this case, Appellant attempted to introduce the evidence through Santiago, arguing "it's admissible . . . [as] non-testimonial evidence under *State v. L[a]dner*." The trial court ruled the evidence inadmissible hearsay. Because Appellant made no argument the statement was either admissible as non-hearsay or admissible as hearsay under the excited utterance exception, both of which he now argues on appeal, the only issue before this court is whether the evidence is admissible as an alleged non-testimonial statement. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (stating in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge); *Knight v. Waggoner*, 359 S.C. 492, 496, 597 S.E.2d 894, 896 (Ct.App.2004) (indicating arguments raised for the first time on appeal are not preserved for our review).

■ On this issue, Appellant's argument is premised on the notion that non-testimonial evidence is admissible as a matter of course. However, we find the distinction between testimonial and non-testimonial hearsay is significant only in the context of determining whether there has been a Sixth Amendment Confrontation Clause violation. The Supreme Court has held testimonial hearsay against a defendant violates the Confrontation Clause if (1) the declarant is unavailable to testify at trial and (2) the accused has had no prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Similarly, the South Carolina Supreme Court has recognized the Sixth Amendment is not implicated by non-testimonial hearsay. *See State v. Ladner*, 373 S.C. 103, 113, 644 S.E.2d 684, 689 (2007) (noting "the Sixth Amendment simply has no application outside the scope of testimonial hearsay"). However, the fact that the Sixth Amendment is not implicated by non-testimonial hearsay does not mandate the evidence be admitted. *See id.* at 111, 644 S.E.2d at 688 (indicating the rule in this regard to be: the admission of admissible hearsay violates the Sixth Amendment when such evidence is testimonial in nature).

■ The *Crawford* court indicates "that not all hearsay implicates the Sixth Amendment[ ]." *Crawford*, 541 U.S. at 51,

124 S.Ct. 1354. If a statement is admissible hearsay, the Confrontation Clause may operate to render this otherwise admissible hearsay inadmissible if testimonial in nature. *See id.* at 68, 124 S.Ct. 1354 (stating that testimonial evidence implicates the Sixth Amendment and the admission of non-testimonial evidence remains the province of each state's rules of evidence). However, this does not imply the inverse; that otherwise inadmissible hearsay becomes admissible if non-testimonial in nature. *See* Rules 801 to 806, SCRE (providing no support for excluding non-testimonial evidence from the definition of hearsay or excluding non-testimonial evidence from the prohibition against hearsay). Rather, if evidence is deemed inadmissible hearsay, the inquiry is concluded and a determination of whether such evidence is testimonial or non-testimonial is irrelevant. Thus, Appellant's argument is without merit.[1]

## II. The 911 Tape

█ Appellant argues the trial court erred in allowing the 911 tape into evidence through Sowdon rather than a 911 representative. We find this allegation of error to be abandoned.

To this issue, Appellant's argument states in total: "Counsel for [A]ppellant argued that it was improper to allow the 911 tape to be admitted through Lonya as opposed to an appropriate 911 representative." Accordingly, this issue is abandoned on appeal. *See State v. Jones*, 344 S.C. 48, 58, 543 S.E.2d 541, 546 (2001) (stating an argument is deemed abandoned on appeal when conclusory and without supporting authority).

## III. Sowdon's testimony

█ Appellant argues the trial court erred in admitting certain hearsay statements through Sowdon. We disagree.

█ "[I]mproper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice." *State v. Vick*, 384 S.C. 189, 199, 682 S.E.2d 275, 280

---

1. Furthermore, we note the record indicates Dr. Proctor specifically testified that his medical opinion was that Victim died on December 11, 2005. Thus, the evidence Appellant attempted to introduce through Santiago was introduced through Dr. Proctor.

(Ct.App.2009). Such error is deemed harmless when it could not have reasonably affected the result of the trial, and an appellate court will not set aside a conviction for such insubstantial errors. *Id.* An insubstantial error is harmless when guilt is proven by competent evidence such that no other rational decision could be reached or when the evidence is merely cumulative of other evidence. *Id.* at 199–200, 682 S.E.2d at 280.

At trial, Appellant objected to a portion of Sowdon's testimony regarding the events that transpired at Graham's house, specifically objecting in anticipation of Sowdon testifying to a hearsay statement made by Graham. On appeal, Appellant alleges that the trial court erred in allowing Sowdon to bolster and corroborate her own testimony through the repetition of these inadmissible hearsay statements.

Notwithstanding that the record does not demonstrate any of Graham's hearsay statements were actually admitted, we fail to find, and Appellant fails to bring to our attention, any prejudice caused by the alleged bolstering and corroboration of Sowdon's testimony.

## CONCLUSION

For the aforementioned reasons, the ruling of the trial court is

**AFFIRMED.**

SHORT and KONDUROS, JJ., concur.