THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Gary Lee
 Watrus, Appellant.
 
 
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No.   2010-UP-562
 Submitted November 1, 2010  Filed
December 23, 2010

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy
 Attorney General John W. McIntosh,  Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General William M. Blitch, Jr., all of Columbia; and Solicitor Robert Mills
 Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM: Gary
 Lee Watrus pled guilty to second-degree criminal sexual conduct with a minor
 and was sentenced to twenty years' imprisonment, suspended upon the service of
 seven years and five years' probation.  On appeal, Watrus argues the trial
 court erred in denying his motion for a new trial.[1] 
 We affirm[2] pursuant
 to Rule 220(b)(1), SCACR, and the following authorities: Rule 29(b), SCRCrimP ("A motion for a new trial
 based on after-discovered evidence must be made within a reasonable period of
 time after the discovery of the evidence. . . . "); State v. Mercer, 381 S.C. 149, 166, 672 S.E.2d 556,
 565 (2009) ("The decision whether to grant a new trial rests within the
 sound discretion of the trial court, and [the appellate court] will not disturb
 the trial court's decision absent an abuse of discretion."); State
 v. Needs, 333 S.C. 134, 157-58, 508 S.E.2d 857, 869 (1998) ("To
 prevail on a motion for a new trial based on after discovered evidence, a
 defendant must show [:] (1) the evidence
 is such as will probably change the result if a new trial is granted; (2) the
 evidence has been discovered since the trial; (3) the evidence could not have
 been discovered prior to trial by the exercise of due diligence; (4) the
 evidence is material; and (5) the evidence is not merely cumulative or
 impeaching.").  
AFFIRMED. 
FEW, C.J.,
 SHORT and WILLIAMS , JJ. concur

[1] We decline to address Watrus's motion for a reduction
 in sentence because Watrus abandoned the issue on appeal. See Rule
 208(b)(1)(B), SCACR (noting ordinarily the appellate courts will not review any
 issue not set forth in the statement of issues on appeal); see also State v. Garner, 389
 S.C. 61, 67, 697 S.E.2d 615, 618 (Ct. App. 2010) (finding an argument is
 abandoned on appeal when conclusory and without supporting authority).  
[2]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.