THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Sammy L. Scott, Appellant.
 
 
 

Appeal From Anderson County
 J.C. Buddy Nicholson, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-518
Heard November 3, 2011  Filed November
 29, 2011   

AFFIRMED

 
 
 
Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, Senior Assistant Attorney General William E. Salter, III, all of
 Columbia; and Christina T. Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Appellant Sammy Scott appeals his
 convictions and sentences for one count of murder, four counts of assault and battery
 with intent to kill, and five counts of possession of a firearm during the
 commission of a violent crime.  On appeal, Scott argues the trial court erred
 by:  (1) denying his request to charge the jury on voluntary manslaughter as a
 lesser included offense of murder and (2) admitting prejudicial hearsay
 evidence.  We affirm.
1.  We find the trial court did not err by
 denying Scott's request to charge the jury on voluntary manslaughter as a
 lesser included offense of murder because there was insufficient evidence that
 Scott acted in the heat of passion.  See Suber v. State, 371 S.C.
 554, 559, 640 S.E.2d 884, 886 (2007) ("[T]he trial court should refuse to
 charge on a lesser included offense where there is no evidence that the
 defendant committed the lesser rather than the greater offense."); State
 v. Smith, 391 S.C. 408, 412-13, 706 S.E.2d 12, 14 (2011) ("Voluntary
 manslaughter is the intentional and unlawful killing of a human being in sudden
 heat of passion upon sufficient legal provocation.");   State v.
 Starnes, 388 S.C. 590, 596, 698 S.E.2d 604, 608 (2011) (holding there must
 be evidence of both heat of passion and sufficient legal provocation at the
 time of the killing to warrant a charge on voluntary manslaughter); id. at
 598, 698 S.E.2d 609 (holding a person's fear immediately following an attack or
 threatening act may cause the person to act in a sudden heat of passion, but
 only when such fear causes the person to lose control and creates an
 uncontrollable impulse to do violence).
2.  We find the trial court did not err by
 allowing witness Kyle Duncan to testify that shortly after the shooting Nicki
 Scott told him "you didn't see shit," and Troy Verner described the
 shooting as "some real gangster shit."  Neither statement constitutes
 hearsay evidence because the statements were not offered to prove the truth of
 the matter asserted.  See Rule 801(c), SCRE ("'Hearsay' is a
 statement, other than one made by the declarant while testifying at the trial
 or hearing, offered in evidence to prove the truth of the matter
 asserted.").  Furthermore, even if the statements did constitute
 impermissible hearsay evidence, the trial court's admission of the evidence did
 not prejudice Scott because the statements were cumulative to other evidence
 presented at trial.  See State v. Garner, 389 S.C. 61, 67, 697
 S.E.2d 615, 618 (Ct. App. 2010) ("Improper admission of hearsay testimony
 constitutes reversible error only when the admission causes prejudice."
 (internal quotation marks omitted)); State v. Vick, 384 S.C. 189, 199-200,
 682 S.E.2d 275, 280 (Ct. App. 2009) ("[T]he admission of improper hearsay
 evidence is harmless where the evidence is merely cumulative to other evidence.").
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.