**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Anthony Linton, Appellant.

Appellate Case No. 2011-189868

Appeal From Beaufort County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2012-UP-595
Submitted October 1, 2012 – Filed October 31, 2012

**AFFIRMED**

Appellate Defender Elizabeth Anne Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Staff Attorney Julie Kate Keeney, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:** Anthony Linton appeals his conviction of first-degree criminal sexual conduct with a minor, arguing the trial court erred (1) when it did not ask during voir dire whether any juror, or their friends and relatives, was a victim of a violent crime and (2) in allowing inadmissible hearsay testimony by an expert witness. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred when it did not ask during voir dire whether any juror, or their friends and relatives, was a victim of a violent crime: *State v. Vang*, 353 S.C. 78, 89, 577 S.E.2d 225, 230 (Ct. App. 2003) (holding the trial court is not required to ask every voir dire question submitted by the attorneys); *State v. Hill*, 361 S.C. 297, 308, 604 S.E.2d 696, 702 (2004) ("To constitute reversible error, a limitation on questioning must render the trial 'fundamentally unfair.'" (citations omitted)); *State v. Grant*, 275 S.C. 404, 409, 272 S.E.2d 169, 172 (1980) (holding the trial court did not err in refusing to ask each juror whether they were a victim of a crime in the last three years).

2. As to whether the trial court erred in allowing inadmissible hearsay testimony by an expert witness: *State v. Garner*, 389 S.C. 61, 67-68, 697 S.E.2d 615, 618 (Ct. App. 2010) ("[I]mproper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice. Such error is deemed harmless when it could not have reasonably affected the result of the trial, and an appellate court will not set aside a conviction for such insubstantial errors. An insubstantial error is harmless when guilt is proven by competent evidence such that no other rational decision could be reached . . . ." (internal quotations and citations omitted)); *Huggler v. State,* 360 S.C. 627, 634-35, 602 S.E.2d 753, 757 (2004) (holding the trial court did not err by allowing inadmissible hearsay testimony because the evidence of abuse was overwhelming).

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.