**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Artrell Hickson, Appellant.

Appellate Case No. 2010-173668

———————————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-667
Submitted November 1, 2012 – Filed December 19, 2012

———————————

**AFFIRMED**

———————————

Jerry M. Screen, Sr., of Law Office of Jerry M. Screen, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor J. Strom Thurmond, Jr., of Aiken, for Respondent.

———————————

**PER CURIAM:**  Artrell Hickson appeals his convictions of armed robbery and possession of a firearm during the commission of a violent crime, arguing the trial court erred in admitting (1) two hearsay statements and (2) a mug shot.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the admissibility of the two hearsay statements: *State v. Garner*, 389 S.C. 61, 65, 697 S.E.2d 615, 617 (Ct. App. 2010) ("Evidentiary rulings are within the sound discretion of the trial court, and such rulings will not be reversed absent an abuse of discretion or the commission of legal error that prejudices the defendant."); *id.* at 67, 697 S.E.2d at 618 ("[I]mproper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Whether an error [in admitting hearsay] is harmless depends on the circumstances of the particular case.  No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case."); *Garner,* 389 S.C. at 68, 697 S.E.2d at 618 ("[E]rror is deemed harmless when it could not have reasonably affected the result of the trial, and an appellate court will not set aside a conviction for such insubstantial errors.").

2.  As to the admissibility of the mug shot: *Id.* at 65, 697 S.E.2d at 617 ("Evidentiary rulings are within the sound discretion of the trial court, and such rulings will not be reversed absent an abuse of discretion or the commission of legal error that prejudices the defendant."); *id.* ("The trial court abuses its discretion when the ruling is based on an error of law or factual conclusion that is without evidentiary support."); *State v. Traylor*, 360 S.C. 74, 84, 600 S.E.2d 523, 528 (2004) ("The introduction of a 'mug-shot' of a defendant is reversible error unless: (1) the state has a demonstrable need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is not introduced in such a way as to draw attention to its origin or implication."); *State v. Robinson*, 274 S.C. 198, 201, 262 S.E.2d 729, 730 (1980) (holding the admission of a mug shot was proper when the State did not draw attention to the origin of the picture and nothing about the picture implied appellant had a prior criminal record).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.