**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Bernaldino Ocasio, Appellant.

Appellate Case No. 2010-180886

―――――――――

Appeal From York County
John C. Hayes, III, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-039
Submitted January 2, 2013 – Filed January 23, 2013

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

―――――――――

**PER CURIAM:** Bernaldino Ocasio appeals his conviction of trafficking in oxycodone, arguing the trial court erred in denying his *Batson* motion and admitting his mug shots at trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the *Batson* motion: *State v. Garris*, 394 S.C. 336, 353, 714 S.E.2d 888, 897 (Ct. App. 2011) ("The trial court's findings regarding purposeful discrimination are given great deference and will not be set aside by this court unless clearly erroneous."); *id.* at 352-53, 714 S.E.2d at 897 ("After a party objects to a jury strike, the proponent of the strike must offer a facially race-neutral explanation. Once the proponent states a reason that is race-neutral, the burden is on the party challenging the strike to show the explanation is mere pretext, either by showing similarly situated members of another race were seated on the jury or that the reason given for the strike is so fundamentally implausible as to constitute mere pretext despite a lack of disparate treatment."); *State v. Taylor*, 399 S.C. 51, 57, 731 S.E.2d 596, 599 (Ct. App. 2012) ("Whether a *Batson* violation has occurred must be determined by examining the totality of the facts and circumstances in the record.").

2. As to the admittance of the mug shots: *State v. Garner*, 389 S.C. 61, 65, 697 S.E.2d 615, 617 (Ct. App. 2010) ("Evidentiary rulings are within the sound discretion of the trial court, and such rulings will not be reversed absent an abuse of discretion or the commission of legal error that prejudices the defendant."); *State v. Traylor*, 360 S.C. 74, 84, 600 S.E.2d 523, 528 (2004) ("The introduction of a 'mug-shot' of a defendant is reversible error unless: (1) the state has a demonstrable need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is not introduced in such a way as to draw attention to its origin or implication."); *State v. Denson*, 269 S.C. 407, 412, 237 S.E.2d 761, 764 (1977) (finding the State showed a demonstrable need to introduce mug shots when the defendant's absence from trial made an in-court identification impossible); *id.* at 412-13, 237 S.E.2d at 764 (holding the defendant's mug shots were admissible when the words "Richland County" were present on one of the mug shots and the mug shots depicted taped-over placards).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, THOMAS, and GEATHERS, JJ., concur.**