**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dominique Julius Agurs, Appellant.

Appellate Case No. 2014-000960

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2015-UP-562
Heard October 1, 2015 – Filed December 23, 2015

**AFFIRMED**

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Williams Leddon, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Dominique Julius Agurs appeals his conviction of distribution of crack cocaine, arguing the trial court erred in (1) refusing to grant a mistrial when an investigator improperly placed Agurs's character and prior arrests at issue, (2)

admitting Agurs's booking photographs when the State failed to establish the photographs were necessary to identify him, (3) refusing to grant a mistrial after members of the jury prematurely deliberated before closing arguments, and (4) refusing to grant a mistrial when the cumulative effect of the errors was so prejudicial it deprived Agurs of a fair trial.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in refusing to grant a mistrial when an investigator improperly placed Agurs's character and prior arrests at issue:  *State v. Crim*, 327 S.C. 254, 257, 489 S.E.2d 478, 479 (1997) ("[T]he decision to grant or deny a mistrial is within the sound discretion of the trial [court]."); *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005) ("A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." (quoting *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000))); *State v. Prince*, 279 S.C. 30, 33, 301 S.E.2d 471, 472 (1983) (stating the test for granting a mistrial is whether a "mistrial was dictated by manifest necessity or the ends of public justice, the latter being defined as the public's interest in a fair trial designated to end in just judgment"); *State v. Thompson*, 352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) ("[A] vague reference to a defendant's prior criminal record is not sufficient to justify a mistrial where there is no attempt by the State to introduce evidence that the accused has been convicted of other crimes."); *State v. George*, 323 S.C. 496, 511, 476 S.E.2d 903, 912 (1996) (concluding a mistrial was not warranted when an appellant's "possible drug dealing was merely suggested and no testimony was presented concerning such behavior"); *State v. Wiley*, 387 S.C. 490, 496, 692 S.E.2d 560, 563 (Ct. App. 2010) (concluding the mention of an outstanding warrant in an opening argument to explain the basis of the traffic stop was not sufficient prejudice to warrant a mistrial).[2]

2.  As to whether the trial court erred in admitting Agurs's booking photographs when the State failed to establish the photographs were necessary to identify him: *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) (stating a

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We note Agurs's argument the trial court erred in allowing the State to refer to Investigator Harrelson's statement during closing arguments is unpreserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion that results in prejudice to the defendant); *State v. Langley*, 334 S.C. 643, 647, 515 S.E.2d 98, 100 (1999) ("Evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy."); *State v. Denson*, 269 S.C. 407, 412, 237 S.E.2d 761, 763-64 (1977) (holding the introduction of a booking photograph of a defendant is not reversible error if (1) the State has demonstrated a need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is not introduced in such a way as to draw attention to its origin or implication).

3. As to whether the trial court erred in refusing to grant a mistrial after members of the jury prematurely deliberated before closing arguments: *Harris*, 340 S.C. at 63, 530 S.E.2d at 627-28 ("The granting or refusing of a motion for a mistrial . . . will not be disturbed on appeal absent an abuse of discretion . . . ."); *Stanley*, 365 S.C. at 34, 615 S.E.2d at 460 ("A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." (quoting *Harris*, 340 S.C. at 63, 530 S.E.2d at 628)); *State v. Aldret*, 333 S.C. 307, 315, 509 S.E.2d 811, 815 (1999) (setting forth the framework for analyzing allegations of premature juror deliberation: "[T]he trial court should conduct a hearing to ascertain if, in fact, such premature deliberations occurred, and if the deliberations were prejudicial. If requested by the moving party, the court may *voir dire* the jurors and, if practicable, 'tailor a cautionary instruction to correct the ascertained damage.'" (quoting *United States v. Resko*, 3 F.3d 684, 695 (3d Cir. 1993))).

4. As to whether the trial court erred in refusing to grant a mistrial when the cumulative effect of the errors was so prejudicial it deprived Agurs of a fair trial: *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented and with sufficient specificity to inform the [trial court] of the point being urged by the objector." (citation omitted)); *State v. Beekman*, 405 S.C. 225, 236, 746 S.E.2d 483, 489 (Ct. App. 2013) (concluding the cumulative error doctrine must be specifically raised to the trial court to be preserved for review).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**