**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Johnathan Brunson, Appellant.

Appellate Case No. 2019-001483

———

Appeal From Darlington County
Thomas A. Russo, Circuit Court Judge

———

Unpublished Opinion No. 2022-UP-015
Submitted November 1, 2021 – Filed January 12, 2022

———

**AFFIRMED**

———

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, all for Respondent.

———

**PER CURIAM:** William Johnathan Brunson appeals his conviction for first-degree burglary and sentence of twenty-four years' imprisonment. On appeal,

he argues the trial court erred in admitting an edited photograph of a prior mugshot. We affirm pursuant to Rule 220(b), SCACR.

We find the trial court did not err in admitting a photograph of Brunson's prior mugshot. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . . misleading the jury, . . . or needless presentation of cumulative evidence."). Here, the State had a demonstrable need to introduce the photograph because Brunson was not present for an in-court identification. Further, the photograph did not suggest Brunson had a criminal record because prior to trial, law enforcement edited the photograph to remove the common details of mugshots and provided only a front-facing image of Brunson. Moreover, the photograph was not introduced in such a way as to draw attention to its origin or implication because a witness only vaguely testified as to how he acquired the photograph, and his testimony did not indicate Brunson committed a prior bad act. *See State v. Traylor*, 360 S.C. 74, 84, 600 S.E.2d 523, 528 (2004) ("The introduction of a 'mug-shot' of a defendant is reversible error unless: (1) the [S]tate has a demonstrable need to introduce the photograph, (2) the photograph shown to the jury does not suggest the defendant has a criminal record, and (3) the photograph is not introduced in such a way as to draw attention to its origin or implication."); *State v. Denson*, 269 S.C. 407, 412, 237 S.E.2d 761, 764 (1977) (finding the State had a "demonstrable need" to introduce the photographs because "[i]n the absence of an in-court identification, the[] photographs were an essential element of the State's case"); *id.* (finding the "photographs did not imply that appellant had a prior criminal record" because they "were not the juxtaposed full face and profile photographic display normally associated with 'mug shots'"); *State v. Stephens*, 398 S.C. 314, 322, 728 S.E.2d 68, 72 (Ct. App. 2012) (affirming the trial court's admission of photographs that showed the defendant's "head and neck against a blank background"; contained "no identifying marks as to date, location, agency, or purpose of the photograph"; and showed the defendant "wearing street clothes" because "[t]he photographs . . . could have come from driver's licenses, employee identification badges, or other sources"); *Denson*, 269 S.C. at 413, 237 S.E.2d at 764 (finding "there [was] no intimation in the record that the admission of the photographs in any way focused the jury's attention on the source of the pictures" even when the jury was told "the photographs came from the files of the Richland County Sheriff's Department and the Columbia Police Department").

Accordingly, we find the trial court did not err in admitting the prior mugshot.

**AFFIRMED.**[1]

**WILLIAMS, A.C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.