530 S.E.2d 626

**The STATE, Respondent,**

**v.**

**Matthew Scott HARRIS, Appellant.**

**No. 25109.**

Supreme Court of South Carolina.

Heard March 8, 2000.
Decided April 17, 2000.
Rehearing Denied June 11, 2000.

Assistant Appellate Defender Tara S. Taggart, South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Derrick K. McFarland, of Office of the Attorney General, of Columbia; and Solicitor Donald V. Myers, of Lexington, for respondent.

BURNETT, Justice:

Appellant was convicted of murder and sentenced to life in prison. He appeals the trial court's refusal to grant a mistrial based on a juror's misconduct.  We affirm.

## FACTS

At trial, appellant admitted he killed Jeffrey Neal Bass. The sole issue was whether appellant committed murder or manslaughter.

Jury deliberations continued over a three day period, during which the jury sent out several questions to the court. The jury returned its verdict on the morning of the third day. Following sentencing, one of the jurors told defense counsel and the solicitor she had read the definition of "malice aforethought" in Black's Law Dictionary the night before to clarify its meaning.

Defense counsel moved for a mistrial and the court conducted a hearing. The juror testified she read the definitions of "malice aforethought" and "manslaughter" in Black's Law Dictionary. She stated she told the other jurors what she had done and that it made her feel like she should choose murder, but she did not share the dictionary definitions with them.

The trial judge denied the motion for a mistrial. He noted the definitions the juror read in Black's Law Dictionary were almost exactly word for word his charge to the jury. The judge stated "at worst, what this juror is saying is that by seeing the words written she had some comprehension or some understanding that ... reaffirmed what she heard." The trial court thus found beyond a reasonable doubt appellant was not prejudiced by the juror's efforts at self-education.

## ISSUE

Did the trial court err in refusing to grant a mistrial based on a juror's misconduct in consulting Black's Law Dictionary for definitions of "malice aforethought" and "manslaughter"?

## DISCUSSION

The Sixth and Fourteenth Amendments of the United States Constitution guarantee a defendant a fair trial by a panel of impartial and indifferent jurors. *State v. Kelly,* 331 S.C. 132, 502 S.E.2d 99 (1998) (citing *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961)); *see also*

S.C. Const. art. I, §§ 3 & 14. To safeguard these rights, the jury must render its verdict free from any outside influences. *Kelly,* 331 S.C. at 141, 502 S.E.2d at 104.

■■■■ The juror's action in conducting independent legal research was unquestionably misconduct. *See Matters v. State,* 120 Neb. 404, 232 N.W. 781, 783 (1930). The jury must rely solely upon the court's instructions for the law.[1] *Id.* However, misconduct that does not affect the jury's impartiality will not undermine the verdict. *Kelly,* 331 S.C. at 141, 502 S.E.2d at 104. The trial court has broad discretion in assessing allegations of juror misconduct. *Id.* In determining whether outside influences have affected the jury, relevant factors include (1) the number of jurors exposed, (2) the weight of the evidence properly before the jury, and (3) the likelihood that curative measures were effective in reducing the prejudice. *Id.* at 141–42, 502 S.E.2d at 104. The determination of whether extraneous material received by a juror during the course of the trial is prejudicial is a matter for determination by the trial court. *Id.* (citing 23A C.J.S. Criminal Law § 1365 (1989)).

■■■■ The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law. *State v. Council,* 335 S.C. 1, 12, 515 S.E.2d 508, 514 (1999). A mistrial should only be granted when absolutely necessary. *Id.* In order to receive a mistrial, the defendant must show error and resulting prejudice. *Id.* The trial judge is in the best position to determine the credibility of the jurors; therefore, this Court grants him broad deference on this issue. *Id.* (citing *State v. Johnson,* 248 S.C. 153, 149 S.E.2d 348 (1966) (the question of the impartiality of the juror is addressed to the discretion of the trial judge); *State v. Loftis,* 232 S.C. 35, 100 S.E.2d 671 (1957) (refusing to interfere with the discretion of a trial judge in matters involving the jury because the trial judge has the opportunity to consider the credibility of the jurors)).

---

1. Trial courts should stress to jurors that they may not conduct independent research or investigation, but must rely solely on the judge's instruction for the law and the evidence presented in court for the facts.

There is a wealth of cases addressing jurors' use of dictionaries. Courts have almost uniformly found no prejudice to the defendant when the dictionary definition did not vary from the ordinary meaning of the words or from the meaning contained in the trial court's instructions. *See, e.g., State v. Messenger*, 221 Mich.App. 171, 561 N.W.2d 463 (1997) (no prejudice where definition of "premeditation" was not substantively different from court's instruction); *State v. Melton*, 102 N.M. 120, 692 P.2d 45 (Ct.App.1984) (no prejudice where definitions of "keep" and "control" did not vary from usual ordinary meaning or from trial court's instructions); *see also Allers v. Riley*, 273 Mont. 1, 901 P.2d 600 (1995) (new trial warranted where dictionary definition of "proximate cause" did not contain foreseeability element contained in court's instruction) (two justices dissented and would have upheld trial court's denial of mistrial motion based on lack of prejudice).

Furthermore, for the defendant to be prejudiced, the misconduct must have affected the verdict. *Compare State v. Klafta*, 73 Haw. 109, 831 P.2d 512 (1992) (conduct of three jurors in looking up terms in Black's Law Dictionary was harmless beyond a reasonable doubt where the verdict was not influenced by the misconduct) *with Jordan v. Brantley*, 589 So.2d 680 (Ala.1991) (jury's use of dictionary prejudicial where verdict clearly influenced by misconduct).

In *State v. Kelly*, this Court cited with approval *State v. Rodgers*, 7 Ariz.App. 29, 435 P.2d 864 (1967), vacated on other grounds, 103 Ariz. 393, 442 P.2d 840 (1968). In *Rodgers*, the Arizona court affirmed the trial court's denial of a mistrial where, although the juror committed misconduct by reading a book on criminal instructions during a recess, the trial court carefully considered the effect of the extracurricular reading and concluded there was no prejudice.

Here, the jury's long deliberations and questions to the court suggest the jury was grappling with the issue of malice. However, there is no suggestion in the record that the lone juror's use of the dictionary in any way affected the verdict. The dictionary definitions did not vary in any meaningful way from the judge's instructions. Moreover, only one juror was actually exposed to the dictionary definitions, and she testified the definitions merely confirmed the judge's instructions. We

conclude the trial court properly exercised its discretion in denying appellant's motion for a mistrial because appellant was not prejudiced by the juror's misconduct.

**AFFIRMED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.