THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Lerone J. Rouse,       
Appellant.
 
 
 

 Appeal From 
 Charleston County
 Jackson 
 V. Gregory, Circuit Court Judge

 Unpublished 
 Opinion No. 03-UP-151
 Submitted 
 December 9, 2003  Filed February 20, 2003   

 AFFIRMED

 
 
 
 Katherine Carruth Link, of Columbia, for 
 appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General 
 John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Melody J. Brown, of Columbia; Ralph E. Hoisington, 
 of Charleston; for respondent.  
 
 
 

 
 PER CURIAM:  Lerone J. Rouse appeals his convictions for first degree 
 burglary, armed robbery, first degree criminal sexual conduct, and two counts 
 of  kidnapping, arguing the trial court erred in denying his motion to suppress 
 evidence and his motion for mistrial.  
 We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  
 Issue I:  State v. Missouri, 337 S.C. 548, 554-55, 524 S.E.2d 
 394, 397-98 (1999) (AFranks addressed an act of commission in which 
 false information had been included in the warrant affidavit.  However, the 
 Franks test also applies to acts of omission in which exculpatory material 
 is left out of the affidavit.  To be entitled to a Franks hearing for an alleged 
 omission, the challenger must make a preliminary showing that the information 
 in question was omitted with the intent to make, or in reckless disregard 
 of whether it made, the affidavit misleading to the issuing judge.  There 
 will be no Franks violation if the affidavit, including the omitted data, 
 still contains sufficient information to establish probable cause. . . .  
 [T]he Fourth Amendment does not require an affiant to include all potentially 
 exculpatory evidence in the affidavit.@); United States v. Williams, 
 730 F. Supp. 455 (D. D.C. 1990) (upholding search warrant based in part on 
 detective=s affidavit that defendant Astrongly resembled@ composite drawing 
 of wanted suspect); Issue II:  State v. Harris, 340 S.C. 59, 
 63, 530 S.E.2d 626, 628 (2000) (AA mistrial should only be granted when absolutely 
 necessary.  In order to receive a mistrial, the defendant must show error 
 and resulting prejudice.@) (internal citation omitted) (emphasis added); State 
 v. Kelsey, 502 S.E.2d 63, 69, 331 S.C. 50, 73 (1998) (AThe decision to 
 grant or deny a mistrial is within the sound discretion of the trial judge 
 and will not be overturned on appeal absent an abuse of discretion.@).  
 AFFIRMED.  
 GOOLSBY, HUFF, and SHULER, JJ., concur.