THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA\
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Edward Harlin, Appellant.
 
 
 

Appeal From Lexington County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2011-UP-524
 Heard October 31, 2011 Filed December
1, 2011   

AFFIRMED

 
 
 Appellate Defender M. Celia Robinson and Appellate Defender Breen
 R. Stevens, South Carolina Commission on Indigent Defense, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General William M. Blitch, of Columbia, for Respondent.
 
 

PER
 CURIAM: 
 Appellant Edward Harlin seeks review of his convictions for committing a lewd
 act on a minor and two counts of criminal sexual conduct with a minor in the
 first degree.  Harlin asserts that the trial court erred in: (1) declining to
 grant a mistrial after the State's expert witness improperly vouched for the
 victim's veracity; and (2) refusing to instruct the jury that a party's failure
 to call a witness closely connected to the party can be considered as evidence
 that the witness's testimony would be unfavorable to the party.  We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:
1.   As
 to the issue of whether the trial court erred in
 refusing to grant a mistrial:  State v.
 Harris, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28
 (2000) ("The granting or refusing of a motion
 for a mistrial lies within the sound discretion of
 the trial court[,] and its ruling will not be disturbed on appeal absent an
 abuse of discretion amounting to an error of law."); id. at 63, 530
 S.E.2d at 628 ("In order to receive a mistrial, the defendant must show
 error and resulting prejudice."); State v. Baker, 390 S.C. 56,
 66-68, 700 S.E.2d 440, 445-46 (Ct. App. 2010) (holding that a
 police officer's testimony relating her belief, after interviewing two sexual
 abuse victims, that the older victim should be referred for a medical
 examination was not impermissible bolstering because the officer did not testify
 she believed the victims' testimony and she did not vouch for the victims'
 veracity); State v. Walker, 366 S.C. 643, 658, 623 S.E.2d 122, 130 (Ct.
 App. 2005) ("A curative instruction to disregard incompetent evidence and
 not to consider it during deliberation is deemed to have cured any alleged
 error in its admission.").
2.  As
 to the issue of whether the trial court erred in refusing to instruct the jury
 that a party's failure to call a witness closely connected to the party can be
 considered as evidence that the witness's testimony would be unfavorable to the
 party:  State v. Hammond, 270 S.C. 347, 356-57, 242 S.E.2d 411, 416 (1978) ("While
 it is always proper for an attorney in argument to the jury to point out the
 failure of a party to call a witness, . . . such a charge has no proper place
 in the judge's statement of the law.  We therefore
 hold . . . that this Court will not hereafter reverse a case . . . because of
 the trial judge's failure to charge the presumption.").
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ.,
 concur.