**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Belvin Maurice Page, Appellant.

Appellate Case No. 2012-213143

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-480
Submitted December 1, 2013 – Filed December 23, 2013

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

**PER CURIAM:** Belvin Page appeals his conviction of distribution of crack cocaine, arguing the trial court erred in (1) allowing evidence of prior bad acts that showed Page previously sold drugs to the confidential informant and (2) denying

his motion for a mistrial after a juror recognized the confidential informant as a former patient in a drug treatment program.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in allowing evidence of prior bad acts: *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Parker*, 315 S.C. 230, 234, 433 S.E.2d 831, 833 (1993) (holding there is no reversible error if the evidence of guilt is overwhelming without any reference to the wrongly admitted evidence of a prior bad act).

2. As to whether the trial court erred in denying Page's motion for a mistrial: *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The trial court has broad discretion in assessing allegations of juror misconduct.  In determining whether outside influences have affected the jury, relevant factors include (1) the number of jurors exposed, (2) the weight of the evidence properly before the jury, and (3) the likelihood that curative measures were effective in reducing the prejudice . . . . The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law." (citations omitted)).[1]

**AFFIRMED.**[2]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] As to any argument that the trial court erred in failing to hold a hearing to determine whether the other jurors were affected by one juror's acquaintance with the confidential informant, the issue is not preserved because Page did not request the hearing at trial.  *See State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.