**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Calvert Myers, Appellant.

Appellate Case No. 2014-001803

————————

Appeal From Richland County
Clifton Newman, Circuit Court Judge

————————

Unpublished Opinion No. 2017-UP-070
Submitted December 1, 2016 – Filed February 8, 2017

————————

**AFFIRMED**

————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Alphonso Simon, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

————————

**PER CURIAM:** Calvert Myers appeals his conviction of murder, arguing the trial court erred by (1) admitting Investigator John Carwell's improper opinion testimony and (2) denying his motion for a mistrial. We affirm.[1]

1. We find the trial court did not err in admitting Investigator Carwell's testimony. "The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004). Initially, we note the only testimony Myers objected to and the trial court overruled was Investigator Carwell's testimony identifying Sherry Myers and Cornelius Green and describing that "everyone was fine" and "calm" at the beginning of the surveillance video. Although Myers made other objections to Investigator Carwell's testimony, those objections were sustained, and Myers did not move to strike the testimony or request a curative instruction. Accordingly, any issues with that testimony are unpreserved. *See State v. Patterson*, 324 S.C. 5, 18, 482 S.E.2d 760, 766 (1997) (finding an issue not preserved when the trial court sustained appellant's objection, but appellant did not contemporaneously move to strike the testimony or request a curative instruction). Therefore, we address only the portion of Investigator Carwell's testimony that Myers objected to and the trial court allowed into evidence. We find Investigator Carwell's admitted testimony was not improper opinion testimony. Rather, we find the testimony was proper lay witness testimony because Investigator Carwell's identification of witnesses (1) was rationally based on his perception of the witnesses during his investigation, (2) was helpful because a lot of people were in and around Toney's Lounge, and (3) did not require special knowledge, skill, experience, or training. *See* Rule 701, SCRE ("If the witness is not testifying as an expert, the witness'[s] testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training."). Additionally, we find the admitted testimony was cumulative to the testimonies of other eye-witnesses and therefore Myers cannot show prejudice.

2. We find the trial court did not abuse its discretion by denying Myers's motion for a mistrial. *See State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The decision to grant or deny a mistrial is within the sound discretion of

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

the trial [court]."); *id.* at 34, 615 S.E.2d at 460 ("The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way."); *id.* ("A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." (quoting *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000))); *State v. Simmons*, 352 S.C. 342, 354, 573 S.E.2d 856, 863 (Ct. App. 2002) ("Generally, a trial [court]'s curative instruction is deemed to cure any error.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**