**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerry Edward Dudley, Appellant.

Appellate Case No. 2015-000911

---

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-142
Submitted January 1, 2017 – Filed April 5, 2017

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of

the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005) ("A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." (quoting *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000))); *Bantan*, 387 S.C. at 417, 692 S.E.2d at 203 ("The granting of a motion for mistrial is an extreme measure that should be taken only when the incident is so grievous the prejudicial effect can be removed in no other way."); *State v. Kelly*, 331 S.C. 132, 141, 502 S.E.2d 99, 104 (1998) ("In a criminal prosecution, the conduct of the jurors should be free from all extraneous or improper influences.  Unless the misconduct affects the jury's impartiality, it is not such misconduct as will affect the verdict.  The trial court has broad discretion in assessing allegations of juror misconduct."); *State v. Carrigan*, 284 S.C. 610, 614, 328 S.E.2d 119, 121 (Ct. App. 1985) ("[T]he mere fact that some conversation occurs between a juror and a witness for the State does not necessarily prejudice a defendant."); *State v. Grovenstein*, 335 S.C. 347, 351, 517 S.E.2d 216, 218 (1999) (noting the supreme court has "consistently required defendants to demonstrate prejudice due to improper jury influences").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.