**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sterling Maybin, Appellant.

Appellate Case No. 2015-001585

Appeal From Newberry County
Donald Bruce Hocker, Circuit Court Judge

Unpublished Opinion No. 2017-UP-319
Submitted June 1, 2017 – Filed August 2, 2017

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susan Ranee Saunders, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("The decision to grant or deny a mistrial is within the sound discretion of

the trial court. The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law." (citation omitted)); *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005) (explaining a court should grant a mistrial only when "'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial" (quoting *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000))); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *State v. Page*, 378 S.C. 476, 482, 663 S.E.2d 357, 360 (Ct. App. 2008) ("It is firmly established that otherwise inadmissible evidence may be properly admitted when opposing counsel opens the door to that evidence."); *State v. Beam*, 336 S.C. 45, 53, 518 S.E.2d 297, 301 (Ct. App. 1999) ("A party may not complain of error caused by his own conduct."); *Page*, 378 S.C. at 483, 663 S.E.2d at 360 ("Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial [court]."); *State v. McEachern*, 399 S.C. 125, 137, 731 S.E.2d 604, 610 (Ct. App. 2012) ("When a party introduces evidence about a particular matter, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even if the latter evidence would have been incompetent or irrelevant had it been offered initially.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.