**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tommy McGee, Appellant.

Appellate Case No. 2017-001927

---

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-026
Submitted January 1, 2020 – Filed January 29, 2020

---

**AFFIRMED**

---

Appellant Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Samuel M. Bailey, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

---

**PER CURIAM:** Tommy McGee appeals his conviction for murder and his sentence of thirty years' imprisonment. On appeal, McGee argues the circuit court erred by denying his motion for a mistrial when Investigator Jerry Gainey stated McGee had "lawyered up." Because Investigator Gainey's statement was in reference to the reason he did not speak to McGee and not a specific statement on McGee's constitutional right to remain silent, we affirm the circuit court's denial of the motion for a mistrial. *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Scott*, 414 S.C. 482, 486, 779 S.E.2d 529, 531 (2015) ("An abuse of discretion occurs when the conclusions of the [circuit] court either lack evidentiary support or are controlled by an error of law." (quoting *State v. Laney*, 367 S.C. 639, 643-44, 627 S.E.2d 726, 729 (2006))); *Harris*, 340 S.C. at 63, 530 S.E.2d at 627-28 ("A mistrial should only be granted when absolutely necessary. In order to receive a mistrial, the defendant must show error and resulting prejudice.") (citation omitted). Here, the circuit court considered the statement in the context of the questioning, the relevance of the statement to McGee's right to remain silent, and the influence the statement could have on the jury's determination, and found the statement did not infringe on McGee's right to remain silent. *See State v. Howard*, 296 S.C. 481, 483, 374 S.E.2d 284, 285 (1988) ("Among the factors to be considered in ordering a mistrial are the character of the testimony, the circumstances under which it was offered, the nature of the case, and the other testimony in the case."); *Edmond v. State*, 341 S.C. 340, 348, 534 S.E.2d 682, 687 (2000) ("Such an error will not be deemed prejudicial when the record shows the reference to the defendant's right to silence or to an attorney was a single reference, which was not repeated or alluded to; the prosecutor did not tie the defendant's exercise of his right directly to his exculpatory story; the exculpatory story was totally implausible; and the evidence of guilt was overwhelming. A court's confidence in the outcome of the trial likely would not be undermined if those factors are met.") (citation omitted). Accordingly, the circuit court did not err in denying the motion for a mistrial.

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.