**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Lance Steadman, Appellant.

Appellate Case No. 2020-000336

---

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-144
Submitted March 1, 2023 – Filed April 5, 2023

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, and Solicitor Samuel R. Hubbard, III of Lexington, for Respondent.

---

**PER CURIAM:**  David Lance Steadman appeals his conviction for homicide by child abuse and sentence of twenty years' imprisonment.  On appeal, Steadman argues the trial court erroneously denied his motions for a mistrial after (1) a

witness testified regarding the victim's brittle bones and previous leg breaks, which the trial court held was inadmissible in a pretrial hearing and (2) the State, during its closing argument, told the jury it had a "noble opportunity" to "strike back against injustice." We affirm pursuant to Rule 220(b), SCACR.

1. The trial court did not abuse its discretion by denying Steadman's mistrial motion following testimony regarding the victim's prior medical history. *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."). The State did not elicit the testimony as a prior bad act, it was limited to a brief reference by a single witness, and the trial court immediately instructed the jury to disregard the testimony as not relevant to the case at hand. *See State v. Kirby*, 269 S.C. 25, 28, 236 S.E.2d 33, 34 (1977) ("The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes."); *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005) ("A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." (quoting *Harris*, 340 S.C. at 63, 530 S.E.2d at 628)).

2. The trial court did not abuse its discretion by denying Steadman's motion for a mistrial following the State's comments in its closing argument. *See State v. Goodwin*, 384 S.C. 588, 605, 683 S.E.2d 500, 509 (Ct. App. 2009) ("A trial court is allowed broad discretion in dealing with the range and propriety of closing argument to the jury."). Initially, we find the State's closing argument was within its accepted purview to appeal to the jury's duty to return a just verdict. *See State v. Rice*, 375 S.C. 302, 336, 652 S.E.2d 409, 426 (Ct. App. 2007) (holding a prosecutor's statement to the jury to give the victim's wife peace and the victim justice could be viewed as consistent with the prosecutor's duty not merely to convict the defendant, but "to see justice done"), *overruled on other grounds by State v. Byers* 392 S.C. 438, 710 S.E.2d 55 (2011). Moreover, any impropriety in the State's remarks did not prejudice Steadman. *See State v. Aleksey*, 343 S.C. 20, 26-29, 538 S.E.2d 248, 251-53 (2000) (holding the trial court's instructions to the jury that it had "one single objective and that [was] to seek the truth" in the context of the court's instructions as a whole, which included full instructions regarding reasonable doubt, did not violate the defendant's constitutional rights); *State v. Daniels*, 401 S.C. 251, 257, 260, 737 S.E.2d 473, 476-77 (2012) (Toal, C.J., concurring) (finding the trial court stating "[t]his court is of the confirmed opinion that whatever verdict you reach will represent truth and justice for all parties that

are involved in this case" was improper, but not prejudicial because the instructions as a whole properly conveyed the reasonable doubt standard). Moreover, the trial court instructed the jury that emotional appeals were simply advocacy and the jury should "consider the facts that have been presented." *See Von Dohlen v. State*, 360 S.C. 598, 609, 602 S.E.2d 738, 744 (2004) ("A review of a solicitor's closing argument is based upon the standard of whether his comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."); *Fortune v. State*, 428 S.C. 545, 549, 837 S.E.2d 37, 39 (2019) ("To find whether the assistant solicitor's comments in closing argument violated the defendant's due process rights, we must determine whether the comments were improper, and if so, whether the improper argument so unfairly prejudiced the defendant as to deny him a fair trial.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.