**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Decota Castle Brown, Appellant.

Appellate Case No. 2021-000744

———————

Appeal From Oconee County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-373
Submitted November 1, 2023 – Filed November 22, 2023

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, for Respondent.

———————

**PER CURIAM:** Decota Castle Brown appeals his convictions and aggregate sentence of seventy years' imprisonment for murder, first-degree burglary, and possession of a weapon during the commission of a violent crime. On appeal, Brown argues the trial court erred by denying his mistrial motion because the State elicited improper bolstering testimony from the police chief regarding his belief in the veracity of the State's key witness against Brown. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by denying Brown's motion for a mistrial. *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. White*, 371 S.C. 439, 447-48, 639 S.E.2d 160, 164 (Ct. App. 2006) ("Insubstantial errors that do not impact the result of a case do not warrant a mistrial when guilt is conclusively proven by competent evidence."); *State v. Stokes*, 381 S.C. 390, 404, 673 S.E.2d 434, 441 (2009) ("[T]he determination of prejudice must be based on the entire record, and the result will generally turn on the facts of each case."). We hold (1) the police chief's testimony that the police "were able to corroborate almost everything" that the key witness said in his second statement, and (2) the State subsequently asking the police chief if he "tend[ed] to believe the second statement" were improper. *See State v. Smith*, 411 S.C. 161, 170, 767 S.E.2d 212, 217 (Ct. App. 2014) ("[A] witness may not give an opinion on whether he or she believes another witness is telling the truth or comment on another witness' veracity."); *State v. Barrett*, 416 S.C. 124, 131, 785 S.E.2d 387, 390 (Ct. App. 2016) ("[W]itnesses may not improperly bolster the testimony of other witnesses."). However, we hold the improper testimony and question, considered in conjunction with the rest of the record, were not "so grievous" to warrant a mistrial in this case. *See Harris*, 340 S.C. at 63, 530 S.E.2d at 628 ("In order to receive a mistrial, the defendant must show error and resulting prejudice."); *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.