**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kareem Lamell Wallace, Appellant.

Appellate Case No. 2023-000544

---

Appeal From Orangeburg County
Eugene C. Griffith, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-239
Submitted May 1, 2026 – Filed May 20, 2026
Withdrawn, Substituted, and Refiled June 17, 2026

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., and Jillian Marie Lesley, of Cromer Babb & Porter, LLC, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

---

**PER CURIAM:**  Kareem Lamell Wallace appeals his conviction for unlawful neglect of a child and sentence of six years' imprisonment, suspended upon the service of two years' imprisonment and thirty months' probation.  On appeal, Wallace argues the trial court erred when it denied his (1) motion for a mistrial and (2) motion for a directed verdict.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not err in denying Wallace's motion for a mistrial. *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *id.* at 63, 530 S.E.2d at 628 ("A mistrial should only be granted when absolutely necessary."); *id.* ("In order to receive a mistrial, the defendant must show error and resulting prejudice.").  First, we find the *Allen*[1] charge was not unconstitutionally coercive.  *See Tucker v. Catoe*, 346 S.C. 483, 491, 552 S.E.2d 712, 716 (2001) ("Whether an *Allen* charge is unconstitutionally coercive must be judged 'in its context and under all the circumstances.'" (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988))); *id.* at 492, 552 S.E.2d at 716 (outlining four factors appellate courts consider when determining whether an *Allen* charge was unconstitutionally coercive: (1) whether the charge spoke specifically to minority jurors; (2) whether the court included any language such as "You have got to reach a decision in this case"; (3) whether there was an inquiry into the jury's numerical division which is generally coercive; and (4) whether the jury returned a verdict shortly after the *Allen* charge which may indicate coercion (quoting *Lowenfield*, 484 U.S. at 239)); *Green v. State*, 351 S.C. 184, 194, 569 S.E.2d 318, 323 (2002) ("It is not coercion to charge every juror has a right to his own opinion and need not give up the opinion merely to reach a verdict.").  The court's charge spoke to all jurors and did not require the jury to reach a decision, and the court did not inquire into the jury's numerical division.  Additionally, although the jury deliberated for thirty minutes following the *Allen* charge, we find this deliberation time was reasonable and not coercive in light of the circumstances because the jury's total prior deliberation time was less than four hours and the juror in question was not a hold out but had changed their verdict during polling. *C.f. Tucker*, 346 S.C. at 494, 552 S.E.2d at 718 (holding the jury's return of a guilty verdict approximately an hour and a half after the court gave an *Allen* charge weighed in favor of coercion because it was "a relatively short period of time given the fact the dissenting juror had been holding out since at least . . . the day

---

[1] *Allen v. United States*, 164 U.S. 492, 501-02 (1896) (holding it was not error to charge the jury following further instructions "that it was their duty to decide the case if they could conscientiously do so").

before"); *id.* at 490, 552 S.E.2d at 715 (holding reasonable deliberation was "not simply an elapsed-time dependent determination"). To the extent Wallace argues that section 14-7-1330 of the South Carolina Code (2017) was "triggered" after the jury "for a second time indicated it could not agree to a verdict," we hold this argument is without merit because the court only gave one *Allen* charge pertaining to the unlawful neglect of a child charge, and there was no response or indication of unwillingness to continue deliberations on the part of any juror. *See* § 14-7-1330 ("When a jury, after due and thorough deliberation upon any cause, returns into court without having agreed upon a verdict, the court may state anew the evidence . . . and may send it out for further deliberation. But if it returns a second time without having agreed upon a verdict, it shall not be sent out again without its own consent unless it shall ask from the court some further explanation of the law."); *Buff v. S.C. Dep't of Transp.*, 342 S.C. 416, 422, 537 S.E.2d 279, 282 (2000) ("The jury's consent to resume or to discontinue deliberations is determined, either expressly or impliedly, by its response to the trial [court's] comments.").

Second, we hold Wallace failed to demonstrate prejudice because there was no indication the jury was unwilling to deliberate further or the dissenting juror was coerced. *See Harris*, 340 S.C. at 63, 530 S.E.2d at 628 ("In order to receive a mistrial, the defendant must show error and resulting prejudice."). There was no indication the jury was deadlocked prior to polling or that the jury was unwilling to continue deliberating. *See State v. Hooper*, 215 S.C. 74, 81, 54 S.E.2d 517, 520 (1949) (holding that the trial court sending the jury back for further deliberations after the foreman stated the jury was unable to reach a verdict was not coercive because "there was no indication of an unwillingness to retire again for further deliberations or any expression of a desire to be discharged" and "[t]he record fail[ed] to show that the jury was kept together an unreasonable length of time"). In addition, the dissenting juror did not indicate he was coerced and clearly communicated his guilty verdict after a second poll. *See State v. Roper*, 274 S.C. 14, 20, 260 S.E.2d 705, 708 (1979) ("Where a juror's equivocal, ambiguous, inconsistent, or evasive answers leave doubt whether he has assented to the verdict, but his answers are not such as to indicate involuntariness or coercion, it is generally held that a subsequent answer which indicates clear and unequivocal assent, either on further interrogation or after further deliberation, will cure the defect.").

2. Viewing the evidence and all reasonable inferences in the light most favorable to the State, we hold the trial court did not err in denying Wallace's motion for a directed verdict because the State presented substantial circumstantial evidence that Wallace was guilty of unlawful neglect of a child. *See State v. Elders*, 386

S.C. 474, 480, 688 S.E.2d 857, 860 (Ct. App. 2010) ("When reviewing the denial of a motion for a directed verdict, an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); S.C. Code Ann. § 63-5-70 (A) (2010) ("It is unlawful for a person who has charge or custody of a child, or who is the parent or guardian of a child, or who is responsible for the welfare of a child . . . to: (1) place the child at unreasonable risk of harm affecting the child's life, physical or mental health, or safety; (2) do or cause to be done unlawfully or maliciously any bodily harm to the child so that the life or health of the child is endangered or likely to be endangered; or (3) wilfully abandon the child."). The State presented law enforcement testimony that Wallace admitted he grabbed and lifted Victim—a three-month-old baby—by one arm and evidence Victim had a fractured arm, collarbone injury, and leg injury following the incident. The State also presented evidence Victim had use of her arms and legs prior to Victim's mother leaving Victim alone with Wallace, and that Victim was crying and could not move her arm when she returned. In addition, multiple experts testified that due to the nature of Victim's injuries, the injuries were recent and were the result of child abuse. *See State v. Pinckney*, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000) ("If the State presents any evidence which reasonably tends to prove the defendant's guilt, or from which the defendant's guilt could be fairly and logically deduced, the case must go to the jury."); *id.* ("On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.